IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUANE MILLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-347 |
| | ) | Judge Hornak |
| EEOC Pittsburgh Area Office, | ) | Magistrate Judge Mitchell |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

II.  Report

Plaintiff, Duane Miller, has submitted a civil rights action, and he has been granted leave to proceed in forma pauperis. In the complaint, he alleges that Defendant, the Equal Employment Opportunity Commission (EEOC), Pittsburgh office, failed to properly investigate and/or mishandled charges of racial discrimination and retaliation that he filed against his employer, Keystone Blind Association (KBA). For the reasons that follow, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Facts

Plaintiff is an African American man who is employed by KBA as an Attendant at the Bridgeville Rest Areas on Interstate 79. On August 26, 2010, he filed an EEOC charge, claiming that KBA discriminated against him on the basis of his race by demoting him from Lead Attendant to Attendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII).

Plaintiff alleges that Victoria Rodia was assigned to investigate the charge; that he told her that KBA's position statement was bogus and perjury; that KBA failed to follow its own procedures regarding the chain of command; that Rodia told him the EEOC was short staffed and his case was put on hold for an entire year; and that he asked for his right to sue papers in April 2011. (Compl. ¶¶ 2-3.)

He further alleges that he then filed a retaliation charge against KBA and it contained a 20-minute videotape showing concrete evidence of violation of a government contract and citations from OSHA against white employees who were not demoted; that Rodia started the retaliation investigation and then, after talking to the defense, she stopped the investigation, again citing a staffing problem; that he made several attempts to fax letters to investigate the tape and talked to Rodia on the phone and she said she would investigate, but never did. He contends that Rodia "botch[ed] up the case!" (Compl. ¶¶ 4-5.)

Prior Case

On July 6, 2011, Plaintiff submitted an application to proceed in forma pauperis in a case which was docketed at Civ. A. No. 11-887, Miller v. Keystone Blind Association/TPM. The motion to proceed IFP was granted on July 18, 2011 and the complaint was filed that same day (ECF No. 2). An Amended Complaint was filed on August 4, 2011 (ECF No. 4). The Amended Complaint alleged that KBA illegally demoted him on the basis of his race and also that it promoted a less qualified white employee in violation of Title VII.

On July 31, 2012, KBA filed a motion for summary judgment (ECF No. 40), in which it argued that: 1) Plaintiff could not state a prima facie case of racial discrimination with respect to his demotion because he could not demonstrate that he was qualified for the position of Lead Attendant; and 2) even if he could establish a prima facie case, it proffered legitimate, non-

2

discriminatory reasons for his demotion (his failures to properly submit paperwork, occasions on which he was observed sitting on picnic tables not working and the incidents in which he sexually harassed female employees) and he did not produce evidence from which the trier of fact could conclude that the reasons were a pretext for unlawful racial discrimination. Plaintiff filed a response on August 28, 2012 (ECF No. 44), as well as his own motion for summary judgment (ECF No. 49). KBA filed a reply brief on September 10, 2012 (ECF No. 48), as well as a motion to strike Plaintiff's motion (ECF No. 50). The Court granted KBA's motion in part, concluding that the arguments Plaintiff raised in his filings would be considered in conjunction with his response to KBA's motion (ECF No. 51).

On January 8, 2013, an Order was filed, granting Defendant's motion for summary judgment (ECF No. 53). Plaintiff filed a Notice of Appeal (ECF No. 55), and on June 28, 2013, the Court of Appeals for the Third Circuit affirmed the judgment of this Court (ECF No. 58).

Procedural History

Plaintiff filed a motion to proceed in forma pauperis on March 18, 2014. The motion was granted on March 19, 2014 and the complaint was filed on March 20, 2014 (ECF No. 3). He contends that his civil rights have been violated, requests that the Court order the EEOC to investigate the videotape, seeks damages in the amount of $125,000 ("what I lost for messing up my case") and states generally: "violating my constitutional rights—right to have a fair investigation." (Compl. ¶ 6.) He attaches to the complaint two letters that he faxed to the EEOC in August 2013, which contained his allegations of how the agency had mishandled his case. (Compl. Exs. A, B.)

Standard of Review

The in forma pauperis statute states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim upon which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court of Appeals has noted that non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)." Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002). Thus, the Court must screen the complaint to determine if it is frivolous or fails to state a claim upon which relief may be granted.

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

4

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Suing the EEOC

In Ponton v. AFSCME, AFL-CIO, 395 F. App'x 867 (3d Cir. 2010), the plaintiff, an African-American former City of Philadelphia employee and union member, filed suit alleging various claims against his employer (for alleged retaliation and hostile work environment in violation of Title VII), his union (for failure to adequately represent him, in violation of the Labor Management Relations Act), and federal agencies (the U.S. Department of Justice, the U.S. Department of Labor and the EEOC) and state agencies (the PHRC—the state agency equivalent to the EEOC, the Commonwealth of Pennsylvania, the Unemployment Compensation Review Board, the Pennsylvania Labor Relations Board and the Office of the Governor) for allegedly mishandling his discrimination charges in violation of 42 U.S.C. § 1983 and Title VII. The district court granted various motions to dismiss and motions for summary judgment, eventually dismissing the case, and Ponton appealed.

With respect to the federal defendants, the Court of Appeals held as follows:

> The District Court properly granted the Federal defendants' motions to dismiss, as Ponton was never an employee of the federal agencies that he named to this suit for purposes of seeking relief under Title VII, and § 1983 does not provide for liability against federal agencies acting under color of federal law. See Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). Moreover, Ponton's claims against the Federal defendants would fail even if construed as brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which governs civil rights claims against federal defendants. The Federal defendants here are federal agencies, which are not appropriate defendants under Bivens. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471,

> 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).
>
> To the extent that Ponton asserted a claim against the EEOC (or the other Federal defendants) based on the manner in which the EEOC processed or investigated his administrative charges of discrimination, the District Court properly dismissed that claim. See, e.g., Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir.1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). Ponton complains that, despite filing four charges of discrimination with the EEOC (and the PHRC) between August 8, 2007, and August 11, 2008, the EEOC "refused to intervene to prevent the continued retaliation." While Ponton is dissatisfied with the EEOC's refusal to act on his complaints, he had an available remedy for the alleged workplace retaliation by filing suit against the City under Title VII. His remedy, however, does not rest in a suit against the EEOC based on mere dissatisfaction with the agency's response to his complaints.

Id. at 872 (footnote and record citations omitted). See also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 6 (2d Cir. 1997); Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir. 1991); Gillis v. U.S. Department of Health and Human Servs., 759 F.2d 565, 574 (6th Cir. 1985); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984); Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983); Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18 (1st Cir. 1979); Gibson v. Missouri Pac. R.R. Co., 579 F.2d 890, 891 (5th Cir. 1978).

Plaintiff was never an employee of the EEOC and he cannot sue the agency under Bivens, § 1983 or Title VII based upon its alleged mishandling of his charges of discrimination for all of the reasons identified in the Ponton case and the other cases cited above. Moreover, he has already prosecuted his claim in this Court against his employer and pursued an appeal, which were both unsuccessful. Thus, his complaint fails to state a claim upon which relief may be granted.

For these reasons, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

6

Plaintiff must seek review by the district judge by filing objections by April 15, 2014. Failure to file timely objections will waive the right of appeal.

        Respectfully submitted,

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: April 1, 2014

cc:    Duane Miller
       #8 Sharon Court
       Pittsburgh, PA 15235